# CIRCUIT COURT OF CHESTERFIELD COUNTY

Ashmont Co.

v.

Welton et al.

v.

Warwick Place Apartments

May 23, 1990

Case No. CH 87-5677

## By JUDGE HERBERT C. GILL, JR.

On March 22, 1990, counsel presented argument in regard to Plaintiff's motion to confirm the Commissioner's findings of fact and law, Defendants' exceptions to the Commissioner's Report and Third Party Defendants' motion, with which Plaintiff joins, for sanctions pursuant to Section 8.01-271.1 of the Virginia Code. Plaintiff seeks to quiet title in six acres located in Chesterfield County. Defendants, by their cross-bill, claim title to the property by adverse possession and assert that the Rule Against Perpetuities defeats Plaintiff's claim.

Plaintiff also asserts indemnification by Third Party Defendant Warwick Place Apartments, the grantor of subject property deeded to Plaintiff by general warranty. Warwick Place Apartments alleges indemnification by the Bryants, grantors of subject property deeded to Warwick Place Apartments.

The Commissioner in Chancery determined that (1) all parties in interest were properly before the Court (Evidence as to chain of title was submitted. See Plain-

tiff's Exhibit # 1); (2) Plaintiff proved the material allegations contained in the Bill of Complaint; (3) Plaintiff has established good and marketable title to the property and therefore declared the sole, legal and beneficial owner; (4) Defendant has not fully proved the material allegations of their cross-bills and (5) that Defendants are not possessed of title to the property superior to the Plaintiff.

Defendants, in brief, except to (1) mistranscription of the value per acre; (2) Commissioner's failure, "to consider testimony of some of the witnesses offered by them, namely Eva Scott Brown, Bernard Scott, and Frank Scott who admittedly were not identified to opposing counsel prior to date of Commissioner's hearing . . . "; (3) determination of chain of title for Plaintiffs; (4) inapplicability of the Rule Against Perpetuities and (5) failure to establish Defendants' title by adverse possession.

Pursuant to Section 8.01-271.1 Plaintiff and Third Party Defendants request an award of attorney's fees. Defendants' allegations, by their cross-bill, are asserted to be "frivolous, made in bad faith . . . ."

Upon consideration of evidence presented, argument heard and memoranda submitted, Plaintiff's motion to confirm the Commissioner's Report is granted with the mistranscription noted. Defendants' exceptions should be overruled. Plaintiff's and Third Party Defendants' motion for attorneys' fees pursuant to Section 8.01-271.1 is denied. Counsel for Plaintiff is directed to draft an Order in accordance with this letter opinion.

Pursuant to Section 8.01-610 of the Virginia Code, a Commissioner's report should be sustained unless findings are not supported by the evidence. However, the deference afforded to the Commissioner's findings of fact is not granted to conclusions of law. *Jamison v. Jamison*, 3 Va. App. 644 (1987).

## I. *Excluded Witnesses*

The Commissioner appropriately refused to consider the testimony of Elva Scott Brown, Bernard R. Scott and Frank William Scott. The Defendants, compelled to answer interrogatories within two weeks from entry of the Order dated March 11, 1988, may not submit the testimony of

witnesses in contravention to terms of the aforesaid Order. (*See* Tr. II, page 37.)

## II. *Plaintiff's Chain of Title*

The evidence warrants a determination on behalf of Plaintiff. Chain of title was established from Plaintiff to James A. Clarke's fee simple interest held in 1880.

James A. Clarke, by deed dated September 15, 1880, conveyed to William T. Byrd and Hattie F. Byrd a life estate interest in the subject six acres with remainder to the children and descendants of Sophia Booker. James A. Clarke by another deed, dated September 15, 1880, conveyed to Sophia Booker four acres.

Sophia Booker died prior to 1900, survived by two children, George Thomas Booker and Johnny Booker. George Thomas Booker was survived by Flossie B. Robinson, Leroy Booker, Mary Penny Booker and James Allen Booker. Mary Penny and James Allen Booker died without issue. (*See* affidavit of Leroy Booker stating the children and descendants of Sophia Booker.)

Flossie Booker Robinson and James B. Robinson, her husband, and Leroy Booker, unmarried, by deed dated July 7, 1961, conveyed to C. S. Leonard both aforesaid parcels. (*See* Plaintiff's Exhibit # 1.) The property was subsequently conveyed to the Bryants, then from the Bryants to Warwick Apartments, and finally deeded to Plaintiff Ashmont Company.

Defendants trace title from a devise to Alice Smith by Hattie Byrd in 1895. William Byrd deeded to Hattie Byrd his interest in unspecified property.

Several flaws are apparent in Defendant's chain of title. Even assuming that the Byrds possessed fee simple interest in the subject property, the deed from William to Hattie Byrd does not describe the property conveyed, and further, the will of Hattie Byrd also describes no property. (*See* Commissioner's Report page 22 and Defendants' exhibits # 3, # 5, and # 6.) The Byrds retained a life estate, not fee simple interest, with a valid remainder to the children of Sophia Booker and her descendants.

### III. *Rule Against Perpetuities*

The apparent crucial issue before the Court is whether the following grant, by deed dated September 15, 1880, recorded January 30, 1882, violates the Rule Against Perpetuities:

> But it is understood that this deed conveys only a life estate to said Byrd & Wife and the longest liver of them, and at the death of both of them, the same shall pass and descend to the children of Sophia Booker and their descendants per stirpes and not per capita.

The Rule Against Perpetuities provides:

> [T]hat every executory limitation or contingent remainder, to be valid, shall be so limited that it must necessarily vest, if at all within a life or lives in being, ten months and twenty-one years thereafter, the period of gestation being allowed only in those cases in which it is a factor. Harrison on Wills and Administration, Section 385 (3rd Ed. 1986).

Whether a grant violates the rule is a question of law.[1] The Rule requires that, "it be legally impossible that the event upon which the future limitation is to vest in interest be postponed beyond life or lives in being, and ten months and twenty-one years." *Burruss v. Baldwin*, 199 Va. 883 (1958), citing *Minor on Real Property*, vol. 1, section 811 (2d ed.).

The aforesaid deed provides for distribution to a class upon termination of a prior life estate. The rule announced in *Andrews v. Partington*, 3 Bro.C.C. 401, 29 Eng. Rep. 610 (Ch. 1791), permits that should distribution to a class occur, "at a time when the class is still capable of increase, the class closes if at that time any member of the class is entitled to call for a distribution of

---

[1] Note that applicability of the Rule was altered by statute in 1982. Acts 1982, c. 249; Va. Code Ann., Section 55-13.3.

his share." Morris & Leach, *The Rule Against Perpetuities*, 110 (2d ed. 1986); see also *Austin v. Dobbins*, 219 Va. 930 (1979). The rule in *Andrews v. Partington* provides that, "if there is a future gift, for instance to A. for life and then to the children of B., the rule is that the class closes at A.'s death: all children coming into existence before that time are included, but all coming into existence afterwards are excluded." Morris, *The Rule Against Perpetuities and The Rule in Andrews v. Partington*, 70 L.Q.R. 61 (1954).

Given the aforesaid principles, at the death of "Byrd and wife" the class was artificially closed. The interests of the class necessarily vest or fail to vest within the required period. The deed does not present a remote contingency upon which a vested interest may be subject to divestment beyond the perpetuities period.[2]

### IV. *Adverse Possession*

Defendants further failed to establish that an alleged predecessor in title obtained the property by adverse possession. The burden of proof rests with Defendants. *Leake v. Robinson*, 199 Va. 967 (1958). The Commissioner appropriately characterized Defendants' evidence as, "random recollections of past events and persons, with vague references to places and property." (*See* Commissioner's Report, page 28).

### V. *Sanctions*

Imposition of sanctions pursuant to Section 8.01-271.1 is not warranted as the Court is unable to characterize Defendants' cross-bill as frivolous or in bad faith. Defendants' assertion of the Rule presented an arguable claim.

A general practitioner's liability for drafting a will in violation of the rule is debatable. *Lucas v. Hamm*,

---

[2] A problem may arise, for example, when the gift to B's children is contingent upon reaching the age of 25. Leach, "The Rule Against Perpetuities and Gifts to Classes", 51 Harv. L. Rev. 1329 (1938).

364 P.2d 685 (Cal. 1961).[3] The duty, if any, of understanding the Rule is questionable, and therefore, raising the Rule under the given circumstances does not warrant imposition of sanctions within Section 8.01-271.1.

[3] The Court in Lucas v. Hamm cites Leach, "Perpetuities Legislation," 67 Harv. L. Rev. 1349 (1954), and notes such descriptions of the Rule as "technically-ridden legal nightmare" and a "dangerous instrumentality in the hands of most members of the Bar."